Filed 3/3/16  Ung v. 1007 Clay Street Properties CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| MONICA UNG,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>1007 CLAY STREET PROPERTIES, L.L.C.,<br><br>　　　Defendant and Respondent. | A141653<br><br>(Alameda County<br>Super. Ct. No. RG12658861) |

Plaintiff and appellant Monica Ung (Ung) challenges a grant of summary judgment in favor of defendant and respondent 1007 Clay Street Properties, L.L.C. (Clay Street) in a case challenging foreclosure against a commercial property.  Ung maintains that the trustee's sale of the property to Clay Street was void because the trustee had no authority to act, but the documentary evidence is to the contrary.  Those documents include assignments of beneficial interest under the deed of trust, and a substitution of trustee by the apparent beneficiary.  Ung has never identified any evidence to substantiate her claims that the assignments, and thus the substitution, were invalid.  She failed to establish a prima facie case in opposition to the motion for summary judgment, and we affirm the judgment for Clay Street.

## I.  BACKGROUND

In December 2003, a deed of trust was recorded on the property owned by Ung at 1007-1009 Clay Street in Oakland.  U. F. Service Corporation was named as trustee, and

1

the deed of trust secured Ung's indebtedness to United Commercial Bank under a November 2003 promissory note in the original principal amount of $1,660,000.

On September 21, 2007, John Cindery, identified as senior vice president and director of real estate lending, executed an assignment of United Commercial Bank's beneficial interest under the deed of trust to United Commercial Mortgage Securities, LLC. Cinderey's signature was witnessed by notary public Thelma Valdez, and the assignment was recorded in December 2007.

Also on September 21, 2007, Stan Seid, identified as senior vice president and director of secondary marketing, real estate division, executed an assignment of United Commercial Mortgage Securities, LLC's beneficial interest under the deed of trust to "Deutsche Bank National Trust Company [hereafter Deutsche Bank], as trustee under the Pooling and Servicing Agreement relating to United Commercial Mortgage Securities, LLC, Mortgage Pass-Through Certificates, Series 2007." Seid's signature was witnessed by notary public Rita Y. Fong. The assignment is not shown as having been recorded.

On December 21, 2010, Hung Ly, identified as AVP of Wells Fargo Bank, National Association, as Servicer under a pooling and servicing agreement dated August 31, 2007, executed on behalf of Deutsche Bank a substitution of Assured Lender Services, Inc. for U. F. Service Corporation as trustee under the deed of trust. The substitution of trustee was recorded on December 27, 2010.

That same day, December 27, Assured Lender Services, as trustee and agent of the beneficiary Deutsche Bank, recorded a notice of default and election to sell under the deed of trust. The secured debt as of December 15, 2010, was listed as $1,471,977.26. In April 2011, Assured Lender Services recorded a notice of trustee's sale for May listing an unpaid balance of $1,589,632.39. On November 23, 2011, Assured Lender Services, Inc. recorded a trustee's deed of title to the property stating that the property was sold at public auction to Clay Street on November 14 for a payment of $1,923,695.99.

In December 2012, Ung sued Clay Street, United Commercial Bank, United Commercial Mortgage Securities, LLC, Deutsche Bank, and Assured Lender Services asserting multiple causes of action based on alleged wrongful foreclosure of the property.

2

The complaint alleges that the foreclosure was wrongful because "the named defendants are not the '*real*' beneficiaries or the lawfully appointed Trustee (nor their authorized agent) under the subject Deed of Trust . . . ." Ung "seeks to enjoin Defendants from selling the Property to a third party pending a resolution of the issues raised by this action and to cancel the two void Corporate Assignments of Deed of Trust . . . the Notice of Default, Notice of Trustee Sale and Trustee's Deed Upon Sale."

The complaint alleges that the assignments of beneficial interest under the deed of trust from United Commercial Bank to United Commercial Mortgage Securities, LLC, and from the latter to Deutsche Bank were ineffective. The complaint asserts that John Cinderey, the individual who executed the first assignment, was not an officer of United Commercial Bank but rather someone "who simply signs thousands of property record documents without any legal or corporate authority whatsoever. He is a classic 'Rob[o] Signer.' " The complaint further asserts that the notary who witnessed Cinderey's signature did not see him sign the document and fraudulently attested otherwise. The same allegations are made against the officer who executed the second assignment to Deutsche Bank and the notary who witnessed the signature.

Based on these allegations, Ung alleges that Assured Lender Services was not effectively substituted as trustee under the deed of trust because Deutsche Bank, the entity that made the substitution, was not the beneficiary. (Civ. Code, § 2934a, subd. (a)(1) [a trustee under a deed of trust "may be substituted by recording in the county in which the property is located of a substitution executed and acknowledged by . . . all of the beneficiaries under the trust deed, or their successors in interest . . . ."].) Since Assured Lender Services was allegedly not the trustee, its foreclosure of the property was "null and void" and "must be vacated."

Clay Street demurred, and its demurrer was sustained without leave to amend as to all causes of action other than those for "cancellation of instruments" and injunctive relief. The "cancellation of instruments" cause of action alleged that "[a]lthough the Corporate Assignments of Deed of Trust, Notice of Default, Notice of Trustee Sale and Trustee's Deed Upon Sale appear valid on their faces, said documents are invalid and

3

void, and of no force or effect regarding Plaintiff's interests in the Property for all the reasons stated and alleged herein above."

Clay Street later moved for summary judgment on the sole remaining cause of action. Its motion was supported with the declaration of Keith Attlesey, chief executive officer of Assured Lender Services. The declaration stated: "I am personally familiar with the trustee sale conducted on the real property located at 1007 Clay St., Oakland . . . . Our office had full authority as the trustee to conduct the trustee sale . . . by the authority given to us under the deed of trust, executed by the plaintiff . . . . On or about December 21, 2010, our office was substituted as trustee of the deed of trust under the Substitution Of Trustee and recorded . . . on December 27, 2010 . . . . [¶] I have reviewed both the deed of trust and the substitution of trustee. Both the deed of trust and substitution of trustee are valid documents and legally executed and recorded. They empowered our company Assured Lending Services, as trustee, the power to conduct the trustee sale. There were absolutely no legal or procedural defects regarding the deed of trust or substitution of trustee that prevented us from conducting the trustee sale. All notices were properly given, and the trustee sale was conducted in a lawful manner."

Clay Street also lodged Ung's responses to discovery requests, including special interrogatories set number one which asked her to identify all facts, all persons with knowledge of facts, and all documents supporting specified allegations in her complaint and her contention that Assured Lending Services was not the trustee under the deed of trust. Ung's substantive responses simply repeated:

"United Commercial Bank is the lender and named Beneficiary under the subject Deed of Trust that encumbered the subject real property foreclosed upon. The Corporation Assignment of Deed of Trust, dated September 21, 2007 and recorded in the Alameda County Recorder's Office on December 17, 2007, bearing Instrument Number 2007422632 (attached to the Complaint as Exhibit 'B') did not operate to assign the Deed of Trust to United Commercial Mortgage Securities, LLC. One reason is that the Corporation Assignment of Deed of Trust bearing Instrument Number 2007422632 does not indicate that United Commercial Bank is the 'undersigned' as referenced in the

4

document.  Consequently, the person signing the document, John Cinderey is not indicated as the authorized signer for United Commercial Bank.  Accordingly, that document never assigned the Deed of Trust to United Commercial Mortgage Securities, LLC.  Therefore, the Corporation Assignment of Deed of Trust also dated September (attached to the Complaint as Exhibit 'C') did not operate to assign the Deed of Trust to Deutsche Bank National Trust Company, as trustee under the Pooling and Servicing Agreement relating to United Commercial Mortgage Securities LLC, Mortgage Pass-Through Certificates, series 2007-1 ('Deutsche Bank National Trust Company').  Based on the foregoing facts, Deutsche Bank National Trust Company was never the beneficiary under the Deed of Trust.

"The Trustee's Sale was void because the purported trustee (Assured Lender Services, Inc.) was not the trustee of record under the Deed of Trust and consequently had no legal authority to conduct the trustee's sale of the subject property."  (Bold typeface omitted.)

In opposition to the motion, Ung filed Clay Street's discovery responses.  She argued that the responses were "evasive" and "raise[d] more questions that [*sic*] they answered."  For example, she cited Clay Street's response to her interrogatory number 28, which asked:  "Do you contend that, Wells Fargo Bank National Association, as Servicer under Pooling and Servicing Agreement dated August 31, 2007, was authorized to execute the Substitution of Trustee . . . on behalf of [Deutsche Bank]?"  Clay Street responded:  "Objection:  Interrogatory is beyond the scope of knowledge and information of the defendant.  Defendant has no knowledge regarding the referenced document, was not a party to it, did not prepare [*sic*], or anyway involved in its creation.  The content of the document speaks for itself and the document is a public record equally available to plaintiff for her inspection and review.  Defendant by law could rely on it's [*sic*] stated contents under CC § 2924 and the legal presumptions contained therein.  Without waiving said objection, Defendant has no knowledge to answer this interrogatory."  Ung argued that Clay Street failed to adequately respond to her question because it "could

5

have dispelled this material issue [of Wells Fargo's authority] by simply producing the document that contained the authorizing language."

The court granted the motion for summary judgment, stating among other things that Ung had not "cited any admissible evidence that creates any triable issue of material fact as to any of the Facts [she] purportedly disputes." The court denied Ung's motion for reconsideration, and directed Clay Street to prepare a proposed judgment. The court stated that it "decline[d] to sign the proposed Judgment that was earlier submitted by [Clay Street], because it contains lengthy findings of fact and judicial determinations that the Court has not made. The court will sign a judgment of dismissal that simply indicates that (1) the Court granted [Clay Street's] motion for summary judgment on January 7, 2014, and (2) [Clay Street] is dismissed from this case." The register of actions indicates that Clay Street submitted a proposed judgment the next day, but, as we have said, there is no record of a judgment having been entered. (Fn. 1, *ante*.)

## II. DISCUSSION

A. The Notice of Appeal

The notice of appeal states that the appeal is taken from a judgment after an order granting summary judgment and from an order denying a motion for reconsideration of the order granting summary judgment. An order denying reconsideration is not appealable (*Estate of Simoncini* (1991) 229 Cal.App.3d 881, 891), an order granting a motion for summary judgment is not appealable (*Stolz v. Wong Communications Limited Partnership* (1994) 25 Cal.App.4th 1811, 1816), and the register of actions does not list entry of any judgment for Clay Street in the docket. Clay Street has raised no procedural objection to the appeal, and the appeal has been fully briefed. We direct amendment of the order granting summary judgment to declare that judgment is entered nunc pro tunc on the complaint in favor of Clay Street and that Clay Street is dismissed from the case. As so amended, we deem the order an appealable judgment, and will address the merits. (See *Swain v. California Casualty Insurance Co.* (2002) 99 Cal.App.4th 1, 6.)

6

B.  <u>Burden Shifting on Summary Judgment and Standards of Appellate Review</u>

" 'A defendant or cross-defendant has met his or her burden of showing that a cause of action has no merit if that party has shown that one or more elements of the cause of action . . . cannot be established, or that there is a complete defense to that cause of action.' . . . ' . . . [A] moving defendant . . . has two means by which to shift the burden of proof . . . to the plaintiff to produce evidence creating a triable issue of fact.  The defendant may rely upon factually insufficient discovery responses by the plaintiff to show that the plaintiff cannot establish an essential element of the cause of action sued upon.' " (*Masto v. Petrick* (2001) 93 Cal.App.4th 83, 87; see *Scheiding v. Dinwiddie Const. Co.* (1999) 69 Cal.App.4th 64, 83 [circumstantial evidence supporting a defendant's summary judgment motion "can consist of 'factually devoid' discovery responses from which an absence of evidence can be inferred"].)  Alternatively, the defendant can present evidence disproving an essential element of the plaintiff's cause of action.  (*Masto v. Petrick, supra,* 93 Cal.App.4th at p. 87.)

"Once the defendant has met that burden, the burden shifts to the plaintiff to make a prima facie showing that a triable issue of material fact exists." (*Ganoe v. Metalclad Insulation Corp.* (2014) 227 Cal.App.4th 1577, 1582.) "The plaintiff may not simply rely on the allegations of its pleadings but, instead, must set forth the specific facts showing the existence of a triable issue of material fact." (*Collin v. Calportland Co.* (2014) 228 Cal.App.4th 582, 588.)

"The rules of review [of a summary judgment] are well established.  If no triable issue as to any material fact exists, the defendant is entitled to a judgment as a matter of law.  [Citations.]  In ruling on the motion, the court must view the evidence in the light most favorable to the opposing party.  [Citation.]  We review the record and the determination of the trial court de novo.  [Citations.]" (*Shin v. Ahn* (2007) 42 Cal.4th 482, 499.)

C. <u>Analysis</u>

Ung repeats her position in the trial court that the trustee's sale was void because Assured Lender Services was not effectively substituted as trustee under the deed of trust. But Ung's position hinges on her claim that the assignments of beneficial interest under the deed of trust were ineffective or fraudulent, and as her complaint acknowledges, those assignments "appear valid on their faces." Ung has never presented any evidence that the documents in question are anything other than what they purport to be. She was required to present such evidence to defeat the motion for summary judgment because Clay Street shifted the burden to her to establish a prima facie case when it submitted the declaration of Assured Lender Services' chief executive officer that the company was in fact the trustee, and lodged Ung's discovery responses that were devoid of any evidence to the contrary. Ung is mistaken in asserting that she bore no burden of proof to defeat the motion.

Accordingly, summary judgment was correctly granted.

## III. DISPOSITION

The judgment of dismissal is affirmed.

8

 

 

 

_____
Siggins, J.

We concur:

_____
McGuiness, P.J.

_____
Pollak, J.

*Ung v. 1007 Clay Street Properties*, A141653